IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LENNIL L. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-462-JPG |
| | ) | |
| **MARCUS SMITH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

At the time he filed his pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, Plaintiff was confined at the St. Clair County Jail (SCCJ).[1] Although it appears that *after* filing the complaint and the instant motion to proceed *in forma pauperis* Plaintiff was released from confinement,[2] he was detained at the time he filed these pleadings and, therefore, the prisoner provisions of 28 U.S.C. § 1915 still apply. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997).

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[1] The complaint states that Plaintiff's address and "present place of confinement" is SCCJ. In *Johnson v. Justus*, Case No. 3:09-cv-336-DRH (S.D. Ill. filed May 4, 2009), Plaintiff alleged that he was confined at SCCJ "for final disposition on a pending felony complaint."

[2] Plaintiff filed a notice with the Court indicating a non-prison address. *See* (Doc. 6). Additionally, the Illinois Department of Corrections's inmate locator service indicates that Plaintiff is currently on parole.

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds.  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiff has had three or more prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See, e.g., Johnson v. Churchich*, 94-538-PER (dismissed as frivolous 1/24/95 ); *Johnson v. Stanley,* 95-507-WDS (dismissed as frivolous 8/7/95 ); *Johnson v. Washington,* 95-819-PER (dismissed as frivolous 7/11/96).  Thus, Plaintiff may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury.

The Court now turns to the question of whether the complaint alleges sufficient facts indicating that Plaintiff is "under imminent danger of serious physical injury."  The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed."  *Id.*  A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred.  *Id.*  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to **prevent impending harms**, not those harms that had already occurred."  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).  Furthermore, federal courts also deny leave to proceed *in forma*

*pauperis* when a prisoner's claim of "imminent danger" are conclusory.  *Ciarpaglini*, 352 F.3d 331; *see also White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)("vague and conlusory" assertions of withheld medical treamtne when prisoner was seen over 100 times by physician is not imminent danger).

Briefly, Plaintiff's complaint alleges that he was not provided a medical examination or medical screening when he was initially placed in SCCJ on or about March 24, 2009. Additionally, Plaintiff asserts that before his incarceration he was taking two prescription medications: HTCZ and Flexeril.  To get his medication while confined in SCCJ, Plaintiff's allegations indicate that - every month - he is required to sign a form authorizing the deduction of $5.00 from his jail account.  Plaintiff contends that - for medication - the SCCJ charges only one-time flat fee of $5.00.  The complaint indicates that Plaintiff has signed the form and received his medication.  It is clear, though, that Plaintiff believes he is being wronged by being charged $5.00 every month.

Based on these allegations, the Court finds that Plaintiff is not "imminent danger."  This case is not - as Plaintiff attempts to frame it - about the denial of medical care.  Indeed, the allegations indicate that Plaintiff has been receiving his prescribed medication.  This case is about what amount - if any - Plaintiff must pay for the medication he receives.  The imposition of a co-pay does not violate the Constitution.  Courts have consistently held that a co-payment plan is not unconstitutional.  *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute

deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care). The only dispute in this case is whether SCCJ's policies authorize the imposition of the $5.00 co-pay for medication once or every month. Regardless of whether SCCJ charges Plaintiff's jail account $5.00 just once or every month for his medication, though, does not place Plaintiff under imminent danger of serious physical harm. Therefore, the instant motion to proceed *in forma pauperis* must be denied.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. This action is **DISMISSED** without prejudice. All other pending motions are **DENIED** as **MOOT**.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

Dated: 1/4/2010.

    s/ J. Phil Gilbert
    U. S. District Judge